# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## IN THE SOUTHERN DIVISION

| | | |
|---|---|---|
| GENERAL MOTORS LLC, and GM GLOBAL TECHNOLOGY OPERATIONS LLC, | : : : | |
| | : | Case No. 2:15-cv-12917 |
| Plaintiffs, | : : | |
| | : | |
| v. | : | Honorable Gerald E. Rosen |
| | : | |
| DORMAN PRODUCTS, INC. and ELECTRONICS REMANUFACTURING COMPANY, LLC, | : : : : | |
| | : | |
| Defendants. | : : | |
| | : | |

| | |
|---|---|
| **BLANK ROME LLP** | **MILLER, CANFIELD, PADDOCK AND STONE, PLC** |
| Grant S. Palmer | Todd A. Holleman (P57699) |
| Daniel E. Rhynhart | Kimberly A. Berger (P56165) |
| Stephanie C. Chomentowski | Attorneys for Defendants |
| Attorneys for Defendants | 150 West Jefferson, Suite 2500 |
| One Logan Square, 130 N. 18th Street | Detroit, MI 48226 |
| Philadelphia PA  19103 | (313) 963-6420 |
| Phone:  (215) 569-5578 | holleman@millercanfield.com |
| Fax:  (215) 832-5578 | berger@millercanfield.com |
| palmer@blankrome.com | |
| rhynhart@blankrome.com | |
| chomentowski@blankrome.com | |

## MOTION OF DEFENDANTS DORMAN PRODUCTS, INC. AND ELECTRONICS REMANUFACTURING COMPANY, LLC, TO DISMISS PLAINTIFFS' AMENDED COMPLAINT

Defendants Dorman Products, Inc. and Electronics Remanufacturing

Company, LLC (collectively, "Dorman"), through their undersigned counsel, move

1

for dismissal of the Amended Complaint filed by Plaintiffs General Motors LLC and GM Global Technology Operations LLC (collectively, "GM"). For the reasons set forth in the accompanying brief, GM's Amended Complaint fails to state a claim upon which relief can be granted, and should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). In the alternative, GM should be required to re-plead its claims with specificity.

In accordance with E.D. Mich. L.R. 7.1, counsel for Dorman sought concurrence from counsel for GM. Because concurrence was not forthcoming, Dorman was required to file this motion.

Respectfully submitted,

**MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.**

By: /s/Todd A. Holleman
Todd A. Holleman (P57699)
Kimberly A. Berger (P56165)
150 West Jefferson, Suite 2500
Detroit, MI 48226
(313) 963-6420
holleman@millercanfield.com
berger@millercanfield.com

and

**BLANK ROME LLP**
Grant S. Palmer
Daniel E. Rhynhart

2

Stephanie C. Chomentowski
One Logan Square, 130 N. 18th Street
Philadelphia PA  19103
Phone:  (215) 569-5578
Fax:  (215) 832-5578
palmer@blankrome.com
rhynhart@blankrome.com
chomentowski@blankrome.com

*Attorneys for Dorman Products, Inc. and*
*Electronics Remanufacturing Company,*
*LLC*

Dated: December 21, 2015

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## IN THE SOUTHERN DIVISION

| | | |
|---|---|---|
| GENERAL MOTORS LLC, and<br>GM GLOBAL TECHNOLOGY<br>OPERATIONS LLC, | : <br> : <br> : | Case No. 2:15-cv-12917 |
| Plaintiffs, | : <br> : | |
| v. | : <br> : | Honorable Gerald E. Rosen |
| DORMAN PRODUCTS, INC. and<br>ELECTRONICS<br>REMANUFACTURING COMPANY,<br>LLC, | : <br> : <br> : <br> : | |
| Defendants. | : <br> : | |

**BLANK ROME LLP**
Grant S. Palmer
Daniel E. Rhynhart
Stephanie C. Chomentowski
Attorneys for Defendants
One Logan Square, 130 N. 18th Street
Philadelphia PA  19103
Phone:  (215) 569-5578
Fax:  (215) 832-5578
palmer@blankrome.com
rhynhart@blankrome.com
chomentowski@blankrome.com

**MILLER, CANFIELD, PADDOCK
AND STONE, PLC**
Todd A. Holleman (P57699)
Kimberly A. Berger (P56165)
Attorneys for Defendants
150 West Jefferson, Suite 2500
Detroit, MI 48226
(313) 963-6420
holleman@millercanfield.com
berger@millercanfield.com

# DEFENDANTS DORMAN PRODUCTS, INC. AND ELECTRONICS
# REMANUFACTURING COMPANY, LLC'S BRIEF
# IN SUPPORT OF THEIR MOTION TO DISMISS

## **TABLE OF CONTENTS**

**Page**

STATEMENT OF ISSUES PRESENTED...................................................iv

PRELIMINARY STATEMENT ...........................................................1

FACTUAL ALLEGATIONS ...............................................................3

ARGUMENT .....................................................................................7

    A.    Legal Standard under Rule 12(b)(6). ...................................7

    B.    GM's Copyright Infringement Claim (Count I) Should Be Dismissed. ...........................................................................8

    C.    GM's Unlawful Circumvention Claim under the DMCA (Count II) Should Be Dismissed. .......................................11

CONCLUSION .................................................................................16

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)............................................................................. 1, 6, 7, 11

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007)............................................................................. 1, 6, 7, 11

*Chamberlain Grp., Inc. v. Skylink Techs., Inc.*,
381 F.3d 1178 (Fed. Cir. 2004) ....................................................................... 12

*Dice v. Bold Technologies*,
913 F. Supp. 2d 389 (E.D. Mich. 2012) ........................................................... 12

*Dorchen/Martin Assocs. v. Brook of Cheboygan, Inc.*,
838 F. Supp. 2d 607 (E.D. Mich. 2012) ................................................... 8, 9, 10

*Feist Publ'ns, Inc. v. Rural Tel. Servs. Co.*,
499 U.S. 340 (1991)............................................................................................ 9

*Ford Motor Co. v. Autel US Inc.*,
No. 14-13760, 2015 WL 5729067 (E.D. Mich. Sept. 30, 2015) ................... 7, 8

*Kohus v. Mariol*,
328 F.3d 848 (6th Cir. 2003) ............................................................................. 9

*Lexmark Int'l, Inc. v. Static Control Components, Inc.*,
387 F.3d 522 (6th Cir. 2004) ........................................................................... 13

*Nat'l Bus. Dev. Servs., Inc. v. Am. Credit Educ. & Consulting, Inc.*,
299 Fed. Appx. 509 (6th Cir. 2008)........................................................ 8, 9, 10

**Statutes**

17 U.S.C. § 101 ............................................................................................. iv, 3

17 U.S.C. § 102(b) ............................................................................................ 10

17 U.S.C. § 1201 .......................................................................................*passim*

17 U.S.C. §1201(a)(1) ................................................................................ 12

17 U.S.C. §1201(a)(2)(A) ......................................................................... 12

17 U.S.C. §1201(a)(2)(B) .......................................................................... 12

**Other Authorities**

Fed. R. Civ. P. 12(b)(6) ..................................................................... 3, 7, 9

## STATEMENT OF ISSUES PRESENTED

**Issue #1:**

Should GM's claim for copyright infringement under the Copyright Act, 17 U.S.C. §§ 101, *et seq.*, be dismissed on the basis that GM has failed to: (i) allege copying with sufficient particularity as required in the Sixth Circuit; and (ii) identify the constituent elements of each alleged copyrighted work, as well as which such works are original?

**Issue #2:**

Should GM's claim for unlawful circumvention under the Digital Millennium Copyright Act, 17 U.S.C. §§ 1201, *et seq.*, be dismissed on the basis that GM has failed to: (i) identify any work protected under the Copyright Act that was accessed as a result of circumvention; and (ii) identify any technological measure that controlled access to such unidentified copyrighted work?

## PRELIMINARY STATEMENT

Through this action, GM attempts to set a precedent that will have dramatic anticompetitive consequences for all manufacturers and users of aftermarket automotive products. GM seeks to enjoin Dorman, a re-manufacturer of replacement automotive parts, and ERC, a re-manufacturer of replacement electronics automotive parts,[1] from selling aftermarket products by asserting broad copyright claims over "software and other computer files" contained in "a number of electronic control modules that control various systems on GM's vehicles." In so doing, GM hopes to control the entire market of replacement parts for its vehicles.

Once GM's rhetoric and accusatory characterizations are cleared away, only vague conclusory statements remain. GM fails to allege sufficient facts to show its claims are facially plausible, and the Amended Complaint fails to clear the bar set by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). This is especially true given the higher pleading standard for copyright infringement claims required in the Sixth Circuit.

Among other things, GM asserts infringement of an unspecified number of computer files, installed on an unspecified number of automotive parts (GM refers

---

[1] Hereinafter collectively referred to as "Dorman."

1

to them generically as "control modules"), on an unspecified number of GM vehicles, without make or model.  In support of these claims, GM attaches certificates of registration from the Copyright Office for six works—yet, there is no way to tell by looking at these certificates what the associated software files are, what they do, or how they are used.  GM does not identify or provide any code deposited with the Copyright Office, nor does GM describe the function of any code or files that it allegedly protected through these registrations.[2]  Where the nature of authorship is indicated at all, the certificates merely describe the software authorship generically as "New programming text" or "computer program."  It is unclear from the Amended Complaint how many copyrights GM is alleging, what corresponding software GM claims to possess copyrights in, and whether it is advancing a claim under any unregistered "other computer files."  Without more, Dorman cannot fairly defend GM's claims.

GM's copyright infringement claim (Count I) must be dismissed because GM: (i) fails to allege copying with sufficient particularity as required in the Sixth Circuit; (ii) fails to identify the constituent elements of each alleged copyrighted work; and (iii) fails to identify which such works are original.

---

[2] Dorman has repeatedly asked GM to provide the deposits for the software and computer files that are supposedly covered by the copyrights referenced in the Amended Complaint, yet GM has steadfastly refused.  GM's refusal to explain its allegations is surprising and telling, particularly if it believes its claims have merit.

2

The DMCA anti-circumvention claim (Count II) fails because GM has neither: (i) identified a work protected under the Copyright Act that was accessed as a result of circumvention; nor (ii) identified any technological measure that controlled access to such unidentified copyrighted work.

For these reasons, detailed below, GM's Amended Complaint should be dismissed under Rule 12(b)(6).  In the alternative, GM should be required to re-plead its claims with specificity.

## FACTUAL ALLEGATIONS[3]

GM alleges that it holds copyrights in "software and other computer files, including a large number of vehicle calibration files, firmware, data compilations, and other computer files for its vehicle electronic control modules."[4]  Of this broad category of copyrights, GM identifies only six copyright registrations that it owns, as follows:

1.  Techline Information Systems TIS 05 5 (registration no. '704);

2.  Techline Information System TIS 11 35 2005 CD (registration no. '702);

3.  Techline TIS v. 07.5 Application/Data 10 2007 (registration no. '845);

---

[3] Dorman accepts GM's factual allegations as pled, as it must, only for purposes of this motion to dismiss.

[4] Amend. Compl. ¶¶29-30. ("Amend. Compl." or "Amended Complaint" shall refer to GM's Amended Complaint and Jury Demand, located at Docket Entry #5.)

3

4.  Techline Information Systems TIS 14.5 (registration no. '803);

5.  Tech 2 Vehicle Diagnostic Software NAO 33.004 (registration no. '501); and,

6.  Techline Information System TIS NAO Vehicle Calibration Software 2014 (registration no. '502).[5]

GM does not explain what these six copyrighted computer files or programs purportedly do within a GM vehicle, nor does GM identify the "electronic control modules" on which these files are installed.  GM simply alleges that it owns copyrights in software, including those covered by the six registrations, and separately alleges that its vehicles contain an unspecified "number of electronic control modules that control various systems on GM's vehicles."[6]  GM fails to connect any software, in any way, with any control modules.  Though GM identifies the Transmission Electro-Hydraulic Control Module ("TEHCM") as one example of a "control module," GM does not state whether or to what extent the software covered by these six registrations are installed on TEHCMs or on other "control modules."

---

[5] Amend. Compl. ¶18.

[6] Amend. Compl. ¶15.

4

Although GM appends the certificates for each of these copyright registrations to the Amended Complaint, they yield little information.  As one example, the '704 registration for "Techline Information Systems TIS 05 5" states that it is a derivative work, with pre-existing material referred to only as "Previous version."  The registration is also deficient on its face (and potentially subject to cancellation), utterly failing to identify the "nature of authorship" as required by the Copyright Office.  The same is true for the '702 registration.  Indeed, the nature of the software cannot be understood from any of the registrations.

Although the U.S. Copyright Office requires that any author seeking copyright protection for a computer program submit "one copy of identifying portions of the program ([e.g.,] first 25 and last 25 pages of source code)," GM has not provided Dorman with copies of any source code deposits for the computer program copyrights at issue.  Instead, GM has provided the mere certificates, which are insufficient for the allegations presented.

GM's allegations about Dorman's supposed copying are equally thread-bare, based entirely upon two "facts."

First, GM draws an inference based upon its review of Dorman's website.  GM includes in the Amended Complaint a purported screenshot from Dorman's

website stating, "TEHCM Units come pre-programmed."[7]  GM then jumps to the conclusion that Dorman products are sold with "GM software."[8]  In the following paragraph, however, GM concedes that the website merely "suggests" the Dorman products have "operating software" for GM vehicles.[9]  GM does not explain what portions, if any, of its six registered works are found in any of Dorman's aftermarket automobile parts.

Second, GM alleges that it purchased on an unknown date "a sample of a module sold by Dorman, and confirmed that it has an unauthorized copy of GM's copyrighted software on it."[10]  But the Amended Complaint does not state what that "sample" was; what module it was a sample of; what alleged "copyrighted software" was discovered on the sample; how that software purportedly functions; or which registration covers the software allegedly discovered on the sample.

Under *Iqbal* and *Twombly* and, even more so, the Sixth Circuit's higher pleading requirement for copyright infringement claims, detailed below, GM has failed to allege sufficient facts to raise a right to relief.  Dorman cannot fairly answer a complaint that does not explain what software files have been allegedly

---

[7] Amend. Compl. ¶21.

[8] *Id.* at ¶22.

[9] *Id.* at ¶23.

[10] *Id.* at ¶25.

infringed, or which copyrights cover the files or programs that GM believes Dorman has copied. The Amended Complaint should be dismissed for failure to state a claim.

## **ARGUMENT**

### A.   **Legal Standard under Rule 12(b)(6).**

Notice pleading under the Federal Rules of Civil Procedure "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). In *Iqbal*, the United States Supreme Court clarified the standard for dismissal under Rule 12(b)(6), finding that dismissal is warranted where the complaint does not "allege 'sufficient factual matter' to show that a claim is facially plausible." *Iqbal*, 556 U.S. at 675. Under this standard, "[f]actual allegations must be enough to raise a right to relief above a speculative level, on the assumption that all the allegations in the complaint are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Accordingly, "a plaintiff's obligation to provide the 'grounds' of his entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (citations omitted). Rather, to be plausible on its face, the pleading must include sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 570. GM has failed to do that here.

7

"In the Sixth Circuit, copyright infringement claims are subject to a higher pleading requirement." *Ford Motor Co. v. Autel US Inc.*, No. 14-13760, 2015 WL 5729067, at *3 (E.D. Mich. Sept. 30, 2015) (emphasis added). The Sixth Circuit has recognized that "[c]opyright infringement…lends itself readily to abusive litigation, since the high cost of trying such a case can force a defendant who might otherwise be successful in trial to settle in order to avoid the time and expenditure of a resource intensive case." *Dorchen/Martin Assocs. v. Brook of Cheboygan, Inc.*, 838 F. Supp. 2d 607, 611 (E.D. Mich. 2012) (citing *Nat'l Bus. Dev. Servs., Inc. v. Am. Credit Educ. & Consulting, Inc.*, 299 Fed. Appx. 509, 512 (6th Cir. 2008)). As a result, "copyright infringement claims require 'greater particularity in pleading through showing plausible grounds" for infringement. *Ford Motor*, 2015 WL 5729067, at *3 (quoting *Nat'l Bus. Dev. Servs., Inc.*, 299 Fed. Appx. at 512). This requires that a plaintiff has pleaded "enough facts to raise a reasonable expectation that discovery will reveal evidence of copyright infringement." *Id.* GM's Amended Complaint does not clear that high bar.

**B.   GM's Copyright Infringement Claim (Count I) Should Be Dismissed.**

GM's claim for copyright infringement (Count I) fails to allege either the constituent elements of the software or the specific compilation of data that is the subject of its copyright registration. Furthermore, GM fails to allege that Dorman

actually copied any of those constituent elements. These are fatal flaws that mandate dismissal.

"To establish copyright infringement, two elements must be proven: ownership of a valid copyright and copying of constituent elements of the work that are original." *Dorchen/Martin Assocs.*, 838 F. Supp. 2d at 617 (citing *Feist Publ'ns, Inc. v. Rural Tel. Servs. Co.,* 499 U.S. 340, 361 (1991)); *see Kohus v. Mariol*, 328 F.3d 848, 853 (6th Cir. 2003). For Rule 12(b)(6) purposes, the allegation of copying must be sufficiently particularized to permit a plausible inference that infringement has occurred. *See Dorchen/Martin Assocs.*, 838 F. Supp. 2d at 611-13 (citing *Nat'l Bus. Dev. Servs., Inc.*, 299 Fed. Appx. at 512).

In *Dorchen/Martin,* this Court granted a motion to dismiss where a plaintiff failed to "satisfy the 'greater particularity in pleading' requirement for copyright actions." 838 F. Supp. 2d at 612. Plaintiff had alleged that it owned a copyright in certain architectural and related design work, which defendant had allegedly copied to construct a substantially similar, if not, identical, project. *Id.* at 610. The Court found that the complaint was deficient because, although the "Plaintiff has identified a work product that infringed on Plaintiff's copyrighted work," and "alleges the finished facility as a whole is 'substantially similar,'" "Plaintiff has not described the manner in which Defendants' work infringed upon Plaintiff's product in order to adequately give Defendants notice of the claim against them."

9

*Id.* at 612.  Similarly, here, GM alleges copying by Dorman, but fails to identify the specific manner in which Dorman's work supposedly infringes upon GM's product.

In *Nat'l Bus. Dev. Servs.,* the plaintiff alleged that defendants had unlawfully used educational materials that were registered for copyright protection.  299 Fed. Appx. at 510.  The Sixth Circuit affirmed dismissal of the copyright infringement claim because a mere allegation that the defendants' work "incorporates the copyrighted materials" was insufficient where the plaintiff failed to identify the constituent elements that were allegedly copied.  *Id.* at 511-12.  For the same reason, here, GM has failed to "identify any specific works by defendants that infringe on plaintiff's copyright," *id.* at 511, or any constituent elements that were allegedly copied.

GM's conclusory allegations of copying are deficient.  GM has alleged six software files or programs for which it obtained copyright registrations, but fails to specify the type of files, programs, or data from those registrations that were allegedly copied.  GM has failed to allege which "constituent elements" were copied and also that those elements are valid and "original."  *Dorchen/Martin Assocs.*, 838 F. Supp. 2d at 617; *see* 17 U.S.C. §102(b) (copyright protection does not "extend to any idea, procedure, process, system, method of operation, concept, principle, or discovery").  GM has also failed to identify the aftermarket parts on

10

which its software files were allegedly copied by Dorman.  GM has only identified one sample of a module that it claims contains its copyrighted software,[11] but it has not provided any information on the sample—e.g., which module, which software files, or which copyrights (if any).

Other than this "sample," GM's remaining allegations are based on GM's interpretation of Dorman's website, which states that TEHCMs purchased from Dorman are "pre-programmed."  But nowhere on the Dorman website does it say that the TEHCMs are pre-programmed with "GM software" (another term that GM does not define).  GM merely makes the leap that if the TEHCMs are pre-programmed, then Dorman must have copied and installed GM's software on them.  This is exactly the sort of conclusory allegation that *Iqbal* and *Twombly* prohibit.

Because GM has provided no allegations as to what "software" was allegedly copied (or that a protected compilation of data was copied), GM has alleged nothing unlawful, and Count I should be dismissed.

## C.    GM's Unlawful Circumvention Claim under the DMCA (Count II) Should Be Dismissed.

As with GM's copyright infringement claim (Count I), GM's claim for unlawful circumvention (Count II) cannot stand as pled.  GM does not allege any

---

[11] Amend. Compl. ¶25.

details, or even a timeline, of Dorman's alleged circumvention; does not claim that it owned copyrightable subject matter at the time (again, unspecified) of Dorman's alleged circumvention; and does not identify any copyrighted works that have been accessed by Dorman, nor any technological measures that protected such unidentified copyrighted works.  Without these basic details, Dorman cannot defend GM's claim for unlawful circumvention.

Enacted in 1998, the DMCA, 17 U.S.C. § 1201 *et seq.*, does not create new property rights, but rather "creates new 'causes of action for liability'" for copyright owners.  *Dice v. Bold Technologies*, 913 F. Supp. 2d 389, 409 (E.D. Mich. 2012) (quoting *Chamberlain Grp., Inc. v. Skylink Techs., Inc*., 381 F.3d 1178, 1192 (Fed. Cir. 2004)).  The statute provides that, subject to certain carve-outs, "[n]o person shall *circumvent a technological measure* that effectively controls access to *a work protected under this title*." 17 U.S.C. §1201(a)(1) (emphasis added).

GM does not, however, allege that it owned, at the time of any alleged circumvention, a "work protected under this title," nor does GM identify any technological measures that protected access to such unidentified works.  Speaking to the general motivations of the DMCA, the Sixth Circuit has explained that:

> All three liability provisions of this section of the DMCA require the claimant to show that the "technological measure" at issue "controls access to *a work protected*

12

> *under this title*," *see* 17 U.S.C. §1201(a)(2)(A)-(C),
> which is to say a work protected under the general
> copyright statute, *id*. § 102(a).

*Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 387 F.3d 522, 550 (6th Cir.

2004) (emphasis in original).  GM's allegations do not distinguish among the six

purported copyright registrations identified in the Amended Complaint and which,

if any, are protected by a technological measure.  That defect alone should result in

dismissal of Count II.

GM also, however, fails to allege that the purpose of the circumvention was

to trade in pirated goods.  The Sixth Circuit—speaking, again, to the purpose of the

DMCA—stated in *Lexmark Int'l, Inc.*, 387 F.3d 522, that the DMCA only applies

where a party is attempting to commit piracy of a copyrighted work:

> By contrast, Lexmark would have us read this statute in
> such a way that any time a manufacturer intentionally
> circumvents any technological measure and accesses a
> protected work it necessarily violates the statute
> regardless of its "purpose."  Such a reading would ignore
> the precise language – "for the purpose of" - as well as
> the main point of the DMCA - to prohibit the pirating of
> copyright-protected works such as movies, music, and
> computer programs.

387 F.3d at 552-53 (Merritt, J., concurring) (emphasis added).  Although this was a

concurring opinion, neither of the other two panel judges disagreed with this point,

and their comments reflect agreement.  *See* 387 F.3d at 553 ("[M]y colleagues and

I agree on a number of points regarding this case. . . . We agree that the Digital

13

Millennium Copyright Act (DMCA) was not intended by Congress to be used to create a monopoly in the secondary markets for parts or components of products that consumers have already purchased.") (Feikins, J., concurring in part and dissenting in part). In fact, the very rationale of requiring this element of proof was the concern that a larger manufacturer may "enforce its will against a smaller rival" by imposing upon it "the potential cost of extended litigation and discovery." *Id.* at 552. There is no such allegation of purposeful piracy here, but every reason to believe that GM is attempting to enforce its will against a smaller rival.

Significantly, the Sixth Circuit pointed out the potential for misuse of the DMCA, because manufacturers could "create monopolies" in the aftermarket through use, and that "[a]utomobile manufacturers, for example, could control the entire market of replacement parts for their vehicles," as follows:

> If we were to adopt Lexmark's reading of the statute, manufacturers could potentially create monopolies for replacement parts simply by using similar, but more creative, lock-out codes. <u>Automobile manufacturers, for example, could control the entire market of replacement parts for their vehicles</u> by including lock-out chips. <u>Congress did not intend to allow the DMCA to be used offensively in this manner, but rather only sought to reach those who circumvented protective measures "for the purpose" of pirating works protected by the copyright statute.</u> Unless a plaintiff can show that a defendant circumvented protective measures for such a purpose, its claim should not be allowed to go forward.

14

*Id.* (emphasis added).  That is what GM seeks to do here.  Because GM has not alleged that Dorman acted with a purpose of pirating works, Count II should be dismissed.

In short, as with GM's hollow cause of action for copyright infringement (Count I), GM fails to state a claim with requisite specificity for unlawful circumvention (Count II).  Dorman cannot discern or evaluate, let alone defend, GM's claims as they are pled.

## CONCLUSION

For the foregoing reasons, Dorman and ERC respectfully request that the Court dismiss the Amended Complaint.  In the alternative, GM should be required to file an amended pleading stating its claims with specificity.

Dated: December 21, 2015                    Respectfully submitted,

**MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.**

By: /s/Todd A. Holleman
Todd A. Holleman (P57699)
Kimberly A. Berger (P56165)
150 West Jefferson, Suite 2500
Detroit, MI 48226
(313) 963-6420
holleman@millercanfield.com
berger@millercanfield.com

and

**BLANK ROME LLP**
Grant S. Palmer
Daniel E. Rhynhart
Stephanie C. Chomentowski
One Logan Square, 130 N. 18th Street
Philadelphia PA  19103
Phone:  (215) 569-5578
Fax:  (215) 832-5578
palmer@blankrome.com
rhynhart@blankrome.com
chomentowski@blankrome.com

*Attorneys for Dorman Products, Inc. and Electronics Remanufacturing Company, LLC*

16

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 21, 2015, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notification of such filing to counsel of record, as follows:

Andrew M. Grove
Emily J. Tait
Charles W. Duncan, Jr.
HONIGMAN MILLER SCHWARTZ AND COHN LLP
39400 Woodward Ave., Ste. 101
Bloomfield Hills, MI 48304-5151
Tel. (248) 566-8300
jgrove@honigman.com
etait@honigman.com
cduncan@honigman.com

J. Michael Huget
HONIGMAN MILLER SCHWARTZ AND COHN LLP
130 South First Street, Fourth Floor
Ann Arbor, MI 48104
(734) 418-4254
mhuget@honigman.com
*Counsel for Plaintiff*

/s/Todd A. Holleman
Todd A. Holleman (P57699)
150 West Jefferson, Suite 2500
Detroit, MI 48226
(313) 963-6420
holleman@millercanfield.com