UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GENERAL MOTORS LLC and
GM GLOBAL TECHNOLOGY
OPERATIONS LLC,

    Plaintiffs,                                Case No. 15-12917

vs.                                             Hon. Gerald E. Rosen

DORMAN PRODUCTS, INC. and
ELECTRONICS MANUFACTURING
COMPANY, LLC,

    Defendants.
_____/

**OPINION AND ORDER GRANTING IN PART DEFENDANTS'
MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT**

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on     September 30, 2016

PRESENT:    Honorable Gerald E. Rosen
                              United States District Judge

## I. INTRODUCTION

Plaintiffs General Motors LLC and GM Global Technology Operations LLC commenced this action in this Court on August 17, 2015, alleging that Defendants Dorman Products, Inc. and Electronics Manufacturing Company, LLC have violated the Copyright Act, 17 U.S.C. § 101 *et seq.*, and the Digital Millennium

Copyright Act ("DMCA"), 17 U.S.C. § 1201 *et seq.,* by making and selling vehicle control modules that contain unauthorized copies of Plaintiffs' copyrighted software, and by overriding the security measures used in Plaintiffs' vehicle control modules in order to program these modules with unauthorized copies of Plaintiffs' copyrighted software. This Court's subject matter jurisdiction rests upon Plaintiffs' assertion of claims arising under federal copyright law. *See* 28 U.S.C. § 1338(a).

Before Defendants answered or otherwise responded to the initial complaint in this case, Plaintiffs filed an amended complaint on August 18, 2015. In lieu of answering, Defendants have filed the present motion to dismiss Plaintiffs' amended complaint, arguing that Plaintiffs' "vague" and "conclusory" allegations in support of their claims fail to meet the purportedly heightened pleading standard adopted by the Sixth Circuit for claims of copyright infringement. (Defendants' Motion to Dismiss, Br. in Support at 1.) In response, Plaintiffs deny that any such heightened pleading standard governs their claims, and they contend that their allegations suffice to state plausible claims for relief under the Copyright Act and the DMCA.

Defendants' motion has been fully briefed by the parties. Having reviewed the parties' briefs in support of and in opposition to Defendants' motion, as well as

Plaintiffs' underlying amended complaint, the Court finds that the pertinent factual allegations and legal issues are adequately presented in these written submissions, and that oral argument would not assist in the resolution of this motion. Accordingly, the Court will decide Defendants' motion "on the briefs." *See* Local Rule 7.1(f)(2), U.S. District Court, Eastern District of Michigan. This opinion and order sets forth the Court's rulings on this motion.

## II. FACTUAL BACKGROUND

Plaintiffs General Motors LLC and GM Global Technology Operations LLC design, manufacture, market, and distribute automobiles and automotive parts throughout the world. Plaintiffs' vehicles are equipped with "a number of electronic control modules that control various systems" within the vehicle, and one such module "is known as a Transmission Electro-Hydraulic Control Module or TEHCM." (Amended Complaint at ¶ 15.) These control modules run software and other computer files owned by Plaintiff, and Plaintiffs also "provide[] aftermarket updates to the software and other computer files that run on these control modules." (*Id.* at ¶¶ 16-17.) According to the amended complaint, Plaintiffs hold copyrights in at least some of their software and computer files, "as reflected in at least" the six copyright registrations listed in the amended complaint. (*Id.* at ¶ 18.)

In addition to installing control modules in their vehicles, Plaintiffs "provide[] aftermarket control modules for repair shops and dealerships." (*Id.* at ¶ 20.) Plaintiffs "also provide[] equipment and subscriptions to allow repair shops to program and re-program control modules installed in [Plaintiffs'] vehicles." (*Id.*) Plaintiffs explain that this "aftermarket system ensures that, when a new control module is installed in [one of their] vehicle[s], the appropriate software and other computer files are loaded into the control module." (*Id.*)

According to the amended complaint, Defendant Dorman Products, Inc. ("Dorman) operates an internet website on which it "offer[s] to sell vehicle control modules with infringing copies of [Plaintiffs'] copyrighted software and other computer files loaded on them." (*Id.* at ¶ 21.) In support of this allegation, the amended complaint includes a screenshot of a page that purportedly appears on Dorman's website, advertising a "Remanufactured Transmission Electro-Hydraulic Control Module" that works with various models of Plaintiffs' vehicles, "come[s] pre-programmed," and features a "[p]lug and play design" that permits it to function immediately upon installation in the vehicle. (*Id.* at ¶¶ 21-23.) Plaintiffs further allege that they purchased "a sample of a module sold by Dorman, and confirmed that it has an unauthorized copy of [Plaintiffs'] copyrighted software on it." (*Id.* at ¶ 25.)

As for Defendant Electronics Remanufacturing Company, LLC ("ERC"), Plaintiffs allege "[o]n information and belief" that this Defendant infringed their copyrights "by, among other things, selling vehicle control modules with infringing copies of [Plaintiffs'] copyrighted software and other computer files loaded on them."  (*Id.* at ¶ 31.)  Plaintiffs further allege, again on information and belief, that ERC "obtained at least some blank modules from Dorman, programmed them, and sold them to Dorman or to others."  (*Id.* at ¶ 32.)

In support of their claim that Defendants have violated the DMCA, Plaintiffs allege that they "utilize[] a variety of security measures to control access to and copying of [their] copyrighted computer programs," including a "software-based lock" incorporated into their vehicle control modules that is designed to "prevent unauthorized programming of the modules" and to ensure that "only authorized users can access the modules for programming and re-programming."  (*Id.* at ¶¶ 39-40.)  Plaintiffs further allege that this lock "effectively controls access to and copying of [Plaintiffs'] copyrighted control module software, because the lock is designed to prevent people from taking [Plaintiffs'] software and making unauthorized copies of it on the modules, where it is intended to be used."  (*Id.* at ¶ 41.)

Plaintiffs charge that "[o]n information and belief, at least ERC and possibly

both of the Defendants are defeating this security measure and accessing the modules in order to program them with unauthorized copies of [Plaintiffs'] copyrighted vehicle control software and related files." (*Id.* at ¶ 42.) According to the amended complaint, by defeating the security measures included in Plaintiffs' control modules, Defendants are "able to make copies [of Plaintiffs' copyrighted software and related files] that they would not otherwise be able to make." (*Id.*) Plaintiffs allege that they are harmed by this conduct because, "as a result of [Defendants'] circumvention" of the security measures employed by Plaintiffs, "every module sold by Defendants includes an unauthorized copy of [Plaintiffs'] copyrighted software, and this deprives [Plaintiffs] of revenue [they] would have otherwise derived from the software." (*Id.* at ¶ 45.)

### III.  ANALYSIS

**A.     The Standards Governing Defendants' Motion**

Through the present motion, Defendants seek the dismissal under Fed. R. Civ. P. 12(b)(6) of both of the claims asserted in Plaintiffs' amended complaint. When determining whether Plaintiffs' claims are subject to dismissal under Rule 12(b)(6) for failure to state a claim, the Court must construe the complaint in a light most favorable to Plaintiffs and accept all well-pleaded factual allegations as true. *League of United Latin American Citizens v. Bredesen*, 500 F.3d 523, 527

(6th Cir. 2007). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009).

Moreover, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007) (internal quotation marks, alteration, and citations omitted). Rather, to withstand a motion to dismiss, the complaint's factual allegations, accepted as true, "must be enough to raise a right to relief above the speculative level," and to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570, 127 S. Ct. at 1965, 1974. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949.

Defendants suggest that Plaintiffs' claim of copyright infringement is governed by a "higher pleading requirement," (Defendants' Motion to Dismiss, Br. in Support at 6), pointing to the Sixth Circuit's unpublished decision in

*National Business Development Services, Inc. v. American Credit Education & Consulting, Inc.,* No. 07-2290, 299 F. App'x 509, 512 (6th Cir. Oct. 31, 2008), as purportedly adopting this heightened standard.  The Court agrees with Plaintiffs, however, that a careful reading of *National Business Development* belies the claim that copyright infringement claims are subject to a special pleading standard in this Circuit.

*National Business Development* was issued in the immediate aftermath of the Supreme Court's ruling in *Twombly,* and the plaintiff in that case raised the question — frequently debated at the time, *see, e.g., Weisbarth v. Geauga Park District,* 499 F.3d 538, 541-42 (6th Cir. 2007) — whether *Twombly*'s "clarifi[cation] [of] the pleading standards required by the Federal Rules of Civil Procedure" should be limited to the antitrust context in which *Twombly* was decided.  *See National Business Development,* 299 F. App'x at 511-12.  The Sixth Circuit answered this question in the negative, reasoning that the same risk of "abusive litigation" cited by the Supreme Court in *Twombly* was also present in copyright infringement suits.  299 F. App'x at 512.[1]  Accordingly, the Sixth Circuit elected to apply the *Twombly* standard of "greater particularity in pleading,

---

[1]This issue was settled once and for all in *Iqbal,* where the Court emphasized that its "decision in *Twombly* expounded the pleading standard for all civil actions." 556 U.S. at 684, 129 S. Ct. at 1953 (internal quotation marks and citation omitted).

8

through showing plausible grounds" for relief, and it found that the plaintiff's pleading of "bare legal conclusions" did not satisfy this standard. *National Business Development,* 299 F. App'x at 512 (internal quotation marks and citation omitted).

In the end, then, *National Business Development* applied the very same plausibility standard articulated by the Supreme Court in *Twombly* and *Iqbal*. This Court will do likewise here.[2]

**B.   Plaintiffs' Amended Complaint Lacks Sufficient Factual Allegations to State a Plausible Claim of Copyright Infringement.**

In the first count of their amended complaint, Plaintiffs allege that Defendants have infringed copyrights owned and registered by Plaintiffs by "selling vehicle control modules with infringing copies of [Plaintiffs'] software

---

[2]To be sure, Defendants correctly note that other courts in this District have read *National Business Development* as adopting a heightened pleading standard in copyright infringement suits. *See Ford Motor Co. v. Autel US Inc.,* No. 14-13760, 2015 WL 5729067, at *3 (E.D. Mich. Sept. 30, 2015); *Masck v. Sports Illustrated,* No. 13-10226, 2013 WL 2626853, at *7 (E.D. Mich. June 11, 2013); *Dorchen/Martin Associates, Inc. v. Brook of Cheboygan, Inc.,* 838 F. Supp.2d 607, 611 (E.D. Mich. 2012); As explained, however, this Court does not share this view of the Sixth Circuit's ruling. In any event, the Court discerns little (if any) difference between the pleading requirements applied in these district court cases and the plausibility standard set forth in *Twombly* and *Iqbal*. *See, e.g., Ford Motor Co.,* 2015 WL 5729067, at *3 (describing the Sixth Circuit's "higher pleading requirement" as demanding that a plaintiff allege "plausible grounds for infringement" (internal quotation marks and citation omitted)); *Dorchen/Martin Associates,* 838 F. Supp.2d at 611 (likewise invoking this "plausible grounds" standard). Thus, it is not clear how much Defendants would stand to gain from the "higher" pleading standard they advocate here.

and other computer files loaded on them." (Amended Complaint at ¶¶ 31, 33.) Through the present motion, Defendants seek the dismissal of this claim of copyright infringement under Rule 12(b)(6) for failure to state a claim upon which relief can be granted, arguing that the allegations in support of this claim are not sufficiently particularized to permit a plausible inference that infringement has occurred. As discussed below, while the Court does not concur in the entirety of Defendants' critique of Plaintiffs' allegations of infringement, it agrees that Plaintiffs' claim of copyright infringement as currently pled cannot withstand scrutiny under the governing *Twombly/Iqbal* plausibility standard.

As both sides agree, Plaintiffs must sufficiently allege two elements in order to raise a plausible inference of copyright infringement: "ownership of a valid copyright and copying of constituent elements of the [copyrighted] work that are original." *Dorchen/Martin,* 838 F. Supp.2d at 611 (citing *Feist Publications, Inc. v. Rural Telephone Service Co.,* 499 U.S. 340, 361, 111 S. Ct. 1282, 1296 (1991)). In support of the first of these two elements, Plaintiffs allege (i) that they "own[] copyrighted software and other computer files . . . for [their] vehicle electronic control modules," and (ii) that they have "registered [their] copyrights in this material as reflected in at least" six specified certificates of registration issued by the U.S. Copyright Office. (Amended Complaint at ¶¶ 18, 29.)

In challenging the sufficiency of these allegations, Defendants first contend — and the Court agrees — that Plaintiffs' amended complaint fails to forge any sort of connection between its list of six copyrighted works and the control modules installed in Plaintiffs' vehicles. Even where the amended complaint refers to a particular control module used in Plaintiffs' vehicles — *i.e.,* a "Transmission Electro-Hydraulic Control Module or TEHCM," (Amended Complaint at ¶ 15) — Plaintiffs do not indicate whether one or more of the six copyrighted works disclosed in the amended complaint are loaded onto this (or any other) control module.

Since Plaintiffs generally identify "software and other computer files that run on" control modules in their vehicles as the copyrighted materials that Defendants allegedly have infringed, (*see id.* at ¶¶ 16, 18), and since control modules also are the means through which Defendants allegedly distribute unlawful copies of Plaintiffs' copyrighted works, (*see id.* at ¶¶ 31, 33), Plaintiffs cannot satisfy their obligation to plead ownership of a valid copyright without specifying, at a minimum, which of their six copyrighted works are installed on control modules found in their vehicles. Otherwise, a party could plead the first element of a claim of copyright infringement merely by citing to a laundry list of copyright registrations secured by this party, without any effort to identify which

of the party's copyrighted works were involved in the defendant's allegedly infringing activities.[3]

To the extent that Defendants suggest, however, that Plaintiffs must provide more details as to the nature or functionality of their copyrighted works, the Court agrees with Plaintiff that there is no support in the law for these posited pleading requirements. While Defendants protest that Plaintiffs do not "explain what th[eir] six copyrighted files or programs purportedly do within a GM vehicle," (Defendants' Motion to Dismiss, Br. in Support at 4), Plaintiffs correctly observe in response that such a disclosure is unnecessary because copyright law protects expression, not functionality. Similarly, Defendants complain that the certificates of registration attached as exhibits to Plaintiffs' complaint "yield little information" as to the nature or content of the copyrighted works, (*id.* at 5), but such matters bearing on the copyrightability of Plaintiffs' software need not be addressed at the pleading stage, where "the originality and non-functionality of [Plaintiffs'] work[s] . . . are presumptively established by the copyright

---

[3] As Defendants observe, this concern that a plaintiff might simply cite to a laundry list of largely or wholly irrelevant copyright registrations is especially acute here, where Plaintiffs cited precisely the same six copyright registrations in another case brought in this District, in support of a claim of copyright infringement that seemingly does not involve vehicle control modules. *See General Motors LLC v. Autel US Inc.,* Case No. 14-14864 (E.D. Mich.), Dkt. No. 1, 12/22/2014 Complaint at ¶¶ 143-48.

registration[s]" for these works. *Lexmark International, Inc. v. Static Control Components, Inc.,* 387 F.3d 522, 534 (6th Cir. 2004).

Turning next to the second element of Plaintiffs' claim of copyright infringement — namely, copying of original elements of Plaintiffs' copyrighted works — the amended complaint endeavors to support this element in two ways. First, Plaintiffs point to a screenshot from a website allegedly operated by Defendant Dorman, alleging that it evidences Dorman's sale of "TEHCM units pre-programmed with [Plaintiffs'] software." (Amended Complaint at ¶¶ 21-22.) As Defendants correctly observe, however, while this screenshot states that the module in question "come[s] pre-programmed," (*id.* at ¶ 21), it does not say that this pre-programmed material includes Plaintiffs' software, much less Plaintiffs' *copyrighted* software. Likewise, the web page's reference to the module's "[p]lug and play design" might mean, as Plaintiffs allege, that the module in question is "ready to be used immediately after installation" in a vehicle, (*id.* at ¶ 23), but this alone would not support the inference that it is ready to be used **because** it has been loaded with Plaintiffs' copyrighted software. The Court agrees with Defendants, therefore, that the allegations derived from Dorman's website, taken as true, do not raise a plausible inference that Defendants copied original elements of Plaintiffs' copyrighted works.

Next, Plaintiffs allege in their amended complaint that they purchased "a sample of a module sold by Dorman, and confirmed that it has an unauthorized copy of [Plaintiffs'] copyrighted software on it." (*Id.* at ¶ 25.) As Defendants observe, this somewhat threadbare allegation is not as helpful as it could be, where Plaintiffs do not specify which Dorman module they purchased or what copyrighted software they found on it. Defendants further observe that because Dorman occasionally resells parts obtained from used vehicles, Plaintiffs' allegation is consistent with the possibility that the copyrighted software found on the sample Dorman module might have been installed by Plaintiffs themselves. (*See* Defendants' Reply Br. at 6.)[4] Finally, Defendants contend that Plaintiffs have failed to "describe[] the manner in which [Dorman's module] infringed upon" Plaintiffs' copyrighted work, as necessary to "adequately give Defendants notice of the claim against them." *Dorchen/Martin Associates,* 838 F. Supp.2d at 612.

While the Court certainly agrees that Plaintiffs' terse allegation of allegedly infringing material found on a sample Dorman module does not supply a wealth of information with which Defendants can contest Plaintiffs' claim of copyright infringement, it nonetheless concludes that this allegation suffices, albeit only

---

[4] In this event, Defendants point out that Dorman would be shielded from liability by the "first sale" doctrine. *See Kirtsaeng v. John Wiley & Sons, Inc.,* 133 S. Ct. 1351, 1354-55 (2013) (citing 17 U.S.C. § 109(a)).

barely, to carry the "copying" element of Plaintiffs' claim over the line of plausibility. Plaintiffs' alleged discovery of their copyrighted material on a module sold by Dorman would permit an inference of copying, and Plaintiff need not plead around a possible defense that Defendants did not cause this copyrighted material to be loaded onto the Dorman module. In addition, Defendants can quickly learn through a modicum of discovery such details as the type of Dorman module Plaintiffs purchased and the precise copyrighted material they allegedly found on it, and Defendants fail to explain how Plaintiffs' claim might rise or fall with the disclosure of this additional information. As for Defendants' protests that Plaintiffs have not identified the precise manner of Defendants' alleged infringement or the specific original elements of Plaintiffs' copyrighted software that Defendants are alleged to have copied, the Court agrees with Plaintiffs that the absence of such details does not threaten the viability of Plaintiffs' claim of copyright infringement, in light of Plaintiffs' assertion that the software found on Dorman's module is a "verbatim copy" and "complete duplicate" of Plaintiffs' copyrighted work. (Plaintiffs' Response Br. at 8.)[5]

---

[5]The Court acknowledges Defendants' point in their reply brief that Plaintiffs' amended complaint lacks any such allegations that Defendants made "verbatim" copies of Plaintiffs' copyrighted works. Rather, Plaintiffs offer this assertion only in their response to Defendants' present motion. As stated immediately below, however, Plaintiffs will be granted leave to amend their complaint to cure other deficiencies in the pleading of their

In sum, the allegations of Plaintiffs' amended complaint are sufficient to support a plausible finding in their favor as to one, but not both, of the elements of a claim of copyright infringement. It follows that this claim as presently pled is subject to dismissal. Nonetheless, it is the Court's usual practice to permit a plaintiff to amend its pleading in an effort to cure the deficiencies identified in a defendant's Rule 12(b)(6) motion to dismiss, provided that this effort would not be futile. Plaintiffs have requested such an opportunity here, and Defendants suggest no reason to believe that Plaintiffs will be unable to overcome the pleading deficiencies in their present complaint. Accordingly, the Court grants leave for Plaintiffs to amend their complaint to address the deficiencies identified in the present opinion and order concerning their claim of copyright infringement.

**C.     Plaintiffs Have Failed to Allege a Viable Claim under the DMCA.**

In count II of their amended complaint, Plaintiffs assert a claim against Defendants under the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. §

---

claim of copyright infringement, so this will afford them an opportunity to address this discrepancy as well.

It also is worth noting that Plaintiffs' allegation as to their discovery of a Dorman module with Plaintiffs' copyrighted software on it does nothing to support their claim of copyright infringement against co-Defendant ERC. Again, Plaintiffs will have an opportunity to cure this deficiency, if possible, upon accepting the Court's invitation to amend their complaint.

1201 *et seq.* More specifically, Plaintiffs charge Defendants with violating a DMCA provision that prohibits the "circumvent[ion] [of] a technological measure that effectively controls access to a work protected under" federal copyright law. 17 U.S.C. § 1201(a)(1)(A). While Defendants fault Plaintiffs for failing to (i) specifically identify the copyrighted works that they allegedly accessed, (ii) expressly allege that these works were protected by copyright law at the time of this access, or (iii) specify the precise technological measures that Defendants allegedly circumvented, Defendants also contend that the technological measures cited in Plaintiffs' amended complaint appear to limit access to Plaintiffs' control modules, and not their copyrighted software. The Court agrees that this latter deficiency defeats Plaintiffs' DMCA claim as presently pled.

 In support of their claim under the DMCA, Plaintiffs begin with the general allegation that they "utilize a variety of security measures to control access to and copying of [their] copyrighted computer programs." (Amended Complaint at ¶ 39.) Plaintiffs then state more specifically that their "vehicle control modules . . . each include a software-based lock to prevent unauthorized programming of the modules," thereby ensuring that "only authorized users can access the modules for programming and re-programming." (*Id.* at ¶ 40.) According to Plaintiffs, it is Defendants' circumvention of this specific security measure that gives rise to their

17

claim under the DMCA:

> On information and belief, at least ERC and possibly both of the Defendants are defeating this security measure and accessing the modules in order to program them with unauthorized copies of [Plaintiffs'] copyrighted vehicle control software and related files. In other words, Defendants are starting with copies of [Plaintiffs'] software, where the copies may be unauthorized, and making unauthorized copies of the software on the modules.

(*Id.* at ¶ 42.)

The Court agrees with Defendants that these allegations are insufficient to state a viable claim under the DMCA. As Plaintiffs themselves allege in their complaint, Defendants "start[ed] with" (possibly) unauthorized copies of Plaintiffs' copyrighted software, and then were able, through their circumvention of Plaintiffs' security measures, to gain access to Plaintiffs' vehicle control modules "in order to program them with unauthorized copies of" Plaintiffs' software. (*Id.* at ¶ 42.) Defendants' alleged circumvention of Plaintiffs' security measures, in other words, allowed Defendants to gain access to ***control modules*** in order to program them with allegedly unauthorized copies of Plaintiffs' copyrighted works; it did not enable Defendants to obtain copies of these ***copyrighted works*** in the first instance. Rather, Plaintiffs expressly allege that Defendants "start[ed]" with copies of these copyrighted works, and then loaded these copies onto control modules by circumventing security measures that were

18

designed to control "access to the *vehicle control module[s]*." (*Id.* at ¶¶ 42-43 (emphasis added).)

The plain language of the DMCA provision cited in Plaintiffs' amended complaint prohibits the circumvention of technological measures that "effectively control[] access to a work protected under" copyright law. 17 U.S.C. § 1201(a)(1)(A). Here, in contrast, Plaintiffs allege that Defendants circumvented a technological measure that controls access to vehicle control modules, and not the copyrighted software that Plaintiff loads onto these modules. Consequently, count II of Plaintiffs' amended complaint as presently pled does not state a claim for relief under the DMCA. Once again, however, Plaintiffs are granted leave to amend their complaint in order to cure this deficiency.

## IV. <u>CONCLUSION</u>

For the reasons set forth above,

NOW, THEREFORE, IT IS HEREBY ORDERED that Defendants' December 21, 2015 motion to dismiss Plaintiffs' amended complaint (docket #10) is GRANTED IN PART, in accordance with the rulings in this opinion and order.

IT IS FURTHER ORDERED that within *twenty-one (21) days* of the date of this opinion and order, Plaintiffs may file and serve a second amended complaint that addresses the pleading deficiencies identified in the Court's ruling.

s/Gerald E. Rosen
United States District Judge

Dated: September 30, 2016

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 30, 2016, by electronic and/or ordinary mail.

s/Julie Owens
Case Manager, (313) 234-5135