UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GENERAL MOTORS LLC., ET AL.,

    Plaintiffs,

v.

DORMAN PRODUCTS, INC., ET AL.,

    Defendants.

_____/

Case No.:  15-12917
Honorable Victoria A. Roberts

**ORDER DENYING DEFENDANTS' PARTIAL MOTION TO DISMISS
PLAINTIFFS' SECOND AMENDED COMPLAINT [DOC. 20]**

**I.   INTRODUCTION**

In August 2015, Plaintiffs General Motors LLC and GM Global Technology Operations LLC ("Plaintiffs" or "GM") filed suit against Defendants Dorman Products Inc. ("Dorman")  and Electronics Remanufacturing Company LLC ("ERC"; collectively "Defendants"), alleging copyright infringement under the Copyright Act, 17 U.S.C. 101 *et seq.*, and unlawful circumvention under the Digital Millennium Copyright Act, 17 U.S.C. 1201 *et seq.*

In September 2016, this Court granted in part Defendants' Motion to Dismiss Plaintiffs' Amended Complaint because the complaint did not meet Rule 12(b)(6)'s plausibility standards.  The Court also granted Plaintiffs an opportunity to cure the deficiencies. Plaintiffs submitted a Second Amended Complaint in October, adding two more counts (trade secret misappropriation and unlawful trafficking under the Digital Millennium Copyright Act).

1

Defendants filed another Motion to Dismiss, currently before this Court, seeking to dismiss Count I (copyright infringement) with respect to four out of Plaintiffs' five copyrighted works, and Count II (illegal circumvention of security measures) in its entirety.

Defendants' Partial Motion to Dismiss Plaintiffs' Second Amended Complaint (ECF No. 20) is **DENIED**.

## II.   FACTUAL BACKGROUND

For the purposes of a Rule 12(b)(6) motion, "the complaint is viewed in the light most favorable to the plaintiff, the allegations in the complaint are accepted as true, and all reasonable inferences are drawn in favor of the plaintiff." *See Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). Plaintiffs, automobile manufacturers, have registered valid copyrights in the software and computer files which run on the control modules installed in their vehicles, and allege that Defendants are illegally stealing and reselling this software. (Plaintiffs include copies of five of their copyright registrations as an exhibit with their complaint; it may be considered as part of the pleading for purposes of a motion to dismiss. *See Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 335 (6th Cir. 2007) ("documents attached to the pleadings become part of the pleadings and may be considered on a motion to dismiss."))

GM alleges that Defendants Dorman and ERC worked together to violate copyright law by: (1) illegally stealing GM's copyrighted software; and (2) installing it into blank control modules, and then reselling the modules to the general public, allowing users to avoid paying GM for the software. GM believes that Dorman purchases blank

control modules from an authorized GM distributor and then sends these modules to ERC. Individuals associated with ERC created accounts on websites owned by GM, which allow paid subscribers to access GM software. ERC copies this software from GM's websites in violation of user agreements. GM says ERC then programs Dorman's modules with unauthorized and infringing copies of GM's copyrighted software and sends the programmed modules back to Dorman, which resells them to the general public, advertising them as "pre-programmed."

Dorman also manufactures, advertises, and sells a product called a "Software Transfer Tool." GM alleges this tool allows users to access, copy, and transfer GM's copyrighted software to other modules, circumventing GM's technological protection measure in violation of law.

GM acquired both a pre-programmed module and a Software Transfer Tool from Dorman. By inspecting and testing the module, GM confirmed that it contained an unauthorized copy of GM software, covered by copyright registration number TXu-1-917-502. By testing the Software Transfer Tool, GM confirmed that it allows users to bypass security measures to illegally transfer copyrighted software.

### III.     Legal Standard

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Defendants seek to dismiss the majority of Count I and the entirety of Count II under Fed. R. Civ. P. 12(b)(6). To survive a 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *R.S. Scott Associates, Inc. v. Timm Const. Co. LLC*, 2014 WL 7184448 at *3 (E.D. Mich. 2014). "A claim has

3

facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556, 570). While the court is required to take all factual allegations as true and view the complaint in the light most favorable to the plaintiff, the court does not have to accept legal conclusions as true. *Id.* Legal conclusions must be backed by plausible factual assertions.

To establish a plausible claim of copyright infringement, a plaintiff must allege: 1) ownership of a valid copyright, and 2) copying of constituent elements of the copyrighted work that are original. *Ford Motor Company v. Autel US Inc.*, 2015 WL 5729067 at *3; *see also Ross, Brovins & Oehmke, P.C. v. Lexis Nexis Group,* 463 F.3d 478, 482, 2006 WL 2639749 (6th Cir.2006). While other courts in this district have held that copyright infringement claims require a heightened pleading standard under *National Business Development Services, Inc. v. American Credit Education & Consulting, Inc.,* 299 F. App'x 509 (6th Cir. 2008), this Court has interpreted *National Business* as consistent with the plausibility standard set forth in *Twombly* and *Iqbal*. Accordingly, the "*Twiqbal"* standard governs; the two elements of a copyright infringement claim must have facial plausibility as described in *Ashcroft, supra.*

With regard to the illegal circumvention claim, 17 U.S.C. 1201(a)(1)(A) provides that "no person shall circumvent a technological measure that effectively controls access to a work protected under [copyright law]." No courts within the Sixth Circuit have analyzed the sufficiency of a pleading under this provision yet.

**IV. Analysis**

4

### A. Deficiencies In Plaintiffs' Original Pleading

This Court previously found that Plaintiffs' copyright infringement claim was deficient in that it "fail[ed] to forge any sort of connection between [Plaintiffs'] list of six copyrighted works and the control modules installed in Plaintiffs' vehicles." While Plaintiffs alleged generally that Defendants infringed on copyrighted software by installing it into control modules, they failed to identify specifically how the six mentioned copyrights were involved in Defendants' actions. Without further clarification, "a party could plead the first element of a claim of copyright infringement merely by citing to a laundry list of copyright registrations…without any effort to identify which of the party's copyrighted works were involved in the defendant's allegedly infringing activities."

Next, this Court agreed with Defendants that screenshots taken of Defendant Dorman's website, where Dorman describes modules as "pre-programmed" with a "plug-and-play design," were insufficient to support a plausible inference that Defendants had pre-programmed the modules with Plaintiffs' copyrighted software.

The Court found that Plaintiffs' allegation that they purchased a module from Dorman and found that it contained an unauthorized copy of Plaintiffs' copyrighted software was sufficient to support a plausible inference that Defendants copied the protected software.

Finally, this Court found that Plaintiffs' claim of unlawful circumvention of a technological protection measure was deficient because Plaintiffs alleged that their technological protection measure protected access to their vehicle control modules, not to their copyrighted software or any other works protected by copyright.

The Court granted Plaintiffs leave to amend their complaint in order to cure these deficiencies, bringing us to Defendants' current Motion to Dismiss Plaintiffs' Second Amended Complaint.

### B.  Revisions in Second Amended Complaint

Defendant seeks to dismiss Count I with respect to four out of the five copyright registrations provided by Plaintiffs. Defendants say Plaintiffs did not cure the deficiencies in their first pleading: they still fail to connect the copyright registrations to the control modules at issue. Defendants seek to dismiss Count II in its entirety on the grounds that Plaintiffs' allegations regarding the Software Transfer Tool still fail to establish a plausible inference that Defendants themselves circumvented any of Plaintiffs' technological measures--even if they did create and sell a tool that allows others to do so.

#### a. Count One: Copyright Infringement

In their first complaint, Plaintiffs merely provided a list of six copyright registrations, then concluded that Defendant Dorman had offered to sell modules with GM's software. This Court asked Plaintiffs to cure this deficiency by specifying which of their copyrighted works are installed on control modules found in their vehicles. Plaintiffs complied by removing one of the registrations named in their original pleading, and clarifying that the remaining five copyright registrations cover software that is installed on GM control modules.

Defendants claim that Plaintiffs are required to allege specifically which software is associated with which copyright registrations. Plaintiffs did so for one copyright registration: TXu-1-917-502.  This covers the software for GM's Transmission Electro-

Hydraulic Control Module. Defendants' say Plaintiffs' failure to specify what software is covered by the other four registrations is fatal to their allegations of infringement.

However, Defendants cite no legal authority, other than *Twombly* and *Iqbal*, to suggest that a software copyright infringement claim requires Plaintiffs to plead "detailed factual allegations," not typically required at the pleading stage. *Twombly* at 555. On the contrary, "relevant case law counsels a court to view the individual allegations in [the] context of the whole complaint." *R.S. Scott Assocs., Inc. v. Timm Const. Co. LLC*, 2014 WL 7184448  at *5 (E.D. Mich. 2014). And "determining whether a complaint states a plausible claim for relief [is] … a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft* at 679.

Plaintiffs have shown that one of their copyright registrations (TXu-1-917-502) covers software installed on a module sold by Defendant Dorman. Just because they cannot yet show that Defendants have copied software covered by the other four copyright registrations does not mean that allegations regarding those four registrations are insufficiently plausible to survive a motion to dismiss. Plaintiffs went above and beyond the plausibility standard required for the TXu-1-917-502 copyright registration-- but that doesn't obligate them to meet that same heightened standard for the other four copyrights. Plaintiffs are not required to continue attempting to purchase modules from Dorman until they acquire one that corresponds to each copyrighted work. Viewed in the context of the complaint as a whole, and using common sense, it is plausible to infer that, if the software covered by TXu-1-917-502 was found on a Dorman module, then it is more likely that software covered by GM's other copyright registrations may also be found on additional Dorman modules. "The plausibility standard "does not impose a

7

probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct].'" *Gabay v. Park W. Galleries, Inc.*, 2010 WL 5391464, at *4 (E.D. Mich. 2010) (quoting *Twombly*, 550 U.S. at 556). Despite not pleading in detail that the other four GM copyright registrations cover software found on Dorman modules, Plaintiffs allege enough facts to raise a reasonable expectation that discovery will reveal Dorman modules containing more of GM's copyrighted software.

Defendants' motion to dismiss Count I with respect to four out of five of Plaintiffs' registered copyrights is denied.

### b. Count Two: Unlawful Circumvention

Plaintiffs allege that Dorman's production and distribution of their Software Transfer Tool violates the provision of the Digital Millennium Copyright Act. It provides "no person shall circumvent a technological measure that effectively controls access to a work protected under [copyright law]." 17 U.S.C. 1201(a)(1)(A). This Court previously found that Plaintiffs' allegations were deficient because the technological measures cited in Plaintiffs' complaint protected access to GM control modules, not to Plaintiffs' copyrighted software.

Plaintiffs attempt to remedy this deficiency by alleging in their Second Amended Complaint that "GM uses a technological protection measure to protect access to the software contained on its vehicle control modules." Specifically, Plaintiffs allege that GM uses a technological protection measure or "Security Access" that "includes a software-based lock to effectively control access to (and unauthorized programming of) original GM software that is installed on vehicle control modules in GM vehicles." The Security

8

Access lock is "designed to prevent people from accessing GM's software contained on the module and making unauthorized copies of it." Plaintiffs believe that "Defendants have defeated and are defeating this security measure and accessing the software contained on the modules in order to program the modules with unauthorized copies of GM's copyrighted vehicle control software" either by "making an illegal copy of the software-based security key" or by otherwise "hacking through or circumventing" the software-based lock to gain access to the module's software. Plaintiffs allege that the tool "circumvents GM's technological protection measure so that Service Technicians and other users of the tool can access, copy, and transfer [GM]'s copyrighted software and data files contained on [GM]'s vehicle modules."

Defendants seek to dismiss this claim on the grounds that Plaintiffs allegations involving the Software Transfer Tool essentially accuse Defendants not of illegally circumventing the technological protection measure themselves, but of creating a device that allows others to do the circumventing. In Defendants' view, this is not a violation of 17 U.S.C. 1201(a)(1)(A), and the allegations regarding the Software Transfer Tool are better suited to Count III (Trafficking in Illegal Means for Circumvention of Security Measures).

While the allegations regarding the Software Transfer Tool also support Count III, it is not so far-fetched for this Court to infer that Defendants themselves must have also circumvented GM's technological measures at some point. Taken as true and viewed in the context of the complaint as a whole, Plaintiffs' factual allegations do support a claim that Defendants must have circumvented GM's Security Access feature-- whether

9

during the development and distribution of the Software Transfer Tool, or prior to that, when Defendants were allegedly copying the software onto blank modules themselves.

Courts within this District have found that courts may view a complaint as a whole, considering all the factual allegations contained in the complaint (not just under one count), in determining whether a plausible claim for relief has been established. *See In re: Packaged Ice Antitrust Litig.*, 723 F. Supp. 2d 987, 1005-06 (E.D. Mich. 2010); *see also Empire Home Services, L.L.C. v. Empire Iron Works, Inc.*, 2006 WL 2269507 at *4 (E.D. Mich. 2006). Plaintiffs' factual allegations are somewhat disorganized. But considering the allegations under Count II in conjunction with those under Count I's copyright infringement claim, they do constitute a reasonable expectation that discovery will reveal that Defendants circumvented GM's technological protection measures at some point.

Defendants' motion to dismiss Count II is **DENIED**.

## V. Conclusion

When considering a motion to dismiss, a court is required simply to use its common sense and experience to determine if plaintiffs allege sufficient facts to create a plausible claim for relief. A claim is plausible if the court can draw a reasonable inference that the defendant is liable for the misconduct alleged. *See Ashcroft, supra.* Although Plaintiffs have not pled with specificity the details of how their software was allegedly copied, their factual allegations, taken as true and viewed both in a light most favorable to the Plaintiffs and in the context of the complaint as a whole, are sufficient to create a reasonable inference that Defendants are liable for circumventing GM's

technological protection measures and infringing upon GM's copyrighted software.

Discovery in this case may answer any remaining questions.

Defendants' motion is **DENIED.**

S/Victoria A. Roberts  
Victoria A. Roberts  
United States District Judge

Dated: March 1, 2017

> The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on March 1, 2017.
>
> s/Linda Vertriest  
> Deputy Clerk