UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GENERAL MOTORS LLC, et al.,

    Plaintiffs/Counterclaim Defendants,        Case No. 15-12917
                                                                          Honorable Victoria A. Roberts

v.

DORMAN PRODUCTS, INC., et al.,

    Defendants/Counterclaim Plaintiffs.
_____/

## ORDER DENYING PLAINTIFFS' MOTION TO DISMISS COUNTERCLAIM [Doc. 32]

Plaintiffs/Counterclaim Defendants ("GM") filed a Motion to Dismiss Counterclaim for Failure to State a Claim. [Doc. 32]. It is fully briefed. GM says that Defendants/Counterclaim Plaintiffs ("Dorman") fail to state a claim for copyright misuse. GM's primary argument is that the Sixth Circuit has not yet recognized such claims. GM also says that if such a claim is to be part of this case at all, it should only be allowed as an affirmative defense. Finally, GM says that Dorman's allegations fail to meet *Iqbal-Twombly* pleading requirements either as an affirmative defense or counterclaim.

Dorman's copyright misuse counterclaim is based on the premise that GM requires vehicle owners who seek repairs from independent mechanics, rather than GM and its licensed dealers or mechanics, to buy a second licensed copy of software when repairing a module on their vehicles, even though the customer – by virtue of vehicle ownership – already owns a copy of the software installed on the vehicle's control modules. Dorman says GM bars vehicle owners from accessing their own copies of software to: (1) eliminate vehicle aftermarket businesses such as Dorman and businesses to whom it sells less expensive parts; (2) create a monopoly for GM; and

1

(3) drive up costs to consumers. Dorman alleges that GM refuses to enter into a licensing arrangement with it. As a result, GM limits access only to authorized GM mechanics and never gives it to aftermarket parts suppliers. Dorman says this practice violates 17 U.S.C. § 109(a).

While it is true that the Sixth Circuit has yet to rule on copyright misuse as a viable counterclaim, various district courts in the Sixth Circuit have allowed declaratory judgment actions such as Dorman's counterclaim to proceed. *See Malibu Media v. Doe*, No. 13-11432, 2014 WL 2616902, at *6 (E.D. Mich. June 12, 2014); *Midwest Tape, LL v. Recorded Books, LLC*, No. 09-2176, 2010 WL 1258101, at *1 (N.D. Ohio Mar. 26, 2010); *McGuire v. Regents of Univ. of Mich.*, No. 99-1231, 2000 WL 1459435, at *6 (S.D. Ohio Sept. 21, 2000).

Based on the law developing in this Circuit as well as cases outside of the Sixth Circuit, *see, e.g.*, *Amaretto Ranch Breedables, LLC v. Ozimals, Inc.*, 790 F. Supp. 2d 1024, 1034 (N.D. Cal. 2011) (collecting cases) (denying defendant's motion to dismiss copyright misuse claim, and holding that "an affirmative claim of copyright misuse is appropriate in this case"), the Court allows Dorman's copyright misuse counterclaim to proceed. In so doing, the Court finds that the counterclaim meets the *Iqbal-Twombly* pleading standards. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

GM's Motion to Dismiss Counterclaim is **DENIED**.

**IT IS ORDERED**.

S/Victoria A. Roberts  
Victoria A. Roberts  
United States District Judge  

Dated: March 20, 2018